**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| JUDITH M. BREWER,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>JAMES BASS,<br>LOUIS GIBSON,<br>DUSTIN MOWERY, and<br>JEREMY ALLEN,<br>each in his individual capacity, and<br>JOHN/JANE DOES 1-10,<br>OSU police officers,<br>in their individual capacities,<br><br>　　　　　Defendants. | Case No. 2:26-cv-00943<br><br>Judge _____<br><br>Magistrate Judge _____<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Judith M. Brewer, by counsel, alleges as follows:

### PARTIES

1.  Plaintiff Judith M. Brewer is a citizen of Ohio and was sixty-seven years old on August 6, 2024.

2.  Defendant James Bass was, at all relevant times, a police officer employed by The Ohio State University and acting under color of state law. Records of the Franklin County Municipal Court in State v. Brewer, Case No. 2024 CR B 013085, identify Officer Bass as the complaining officer on the charge arising from the August 6, 2024 encounter described below. On information and belief, and as specifically identified under Fed. R. Civ. P. 11(b)(3) as likely to have evidentiary support after a reasonable opportunity for further investigation and discovery, Officer Bass participated in the escort, detention, or use of force against Ms. Brewer, or was present for the use of force with a realistic opportunity to intervene. He is sued in his individual capacity.

3.  Defendant Louis Gibson was, at all relevant times, a police officer employed by The Ohio State University and acting under color of state law. Records of the Franklin County Municipal

1

Court in State v. Brewer, Case No. 2024 CR B 013085, identify Officer Gibson as an OSU police officer in connection with the August 6, 2024 events. On information and belief, and as specifically identified under Fed. R. Civ. P. 11(b)(3) as likely to have evidentiary support after a reasonable opportunity for further investigation and discovery, Officer Gibson participated in the escort, detention, or use of force against Ms. Brewer, or was present for the use of force with a realistic opportunity to intervene. He is sued in his individual capacity.

4. Defendant Dustin Mowery was, at all relevant times, a police officer employed by The Ohio State University and acting under color of state law. Records of the Franklin County Municipal Court in State v. Brewer, Case No. 2024 CR B 013085, identify Officer Mowery as an OSU police officer in connection with the August 6, 2024 events. On information and belief, and as specifically identified under Fed. R. Civ. P. 11(b)(3) as likely to have evidentiary support after a reasonable opportunity for further investigation and discovery, Officer Mowery participated in the escort, detention, or use of force against Ms. Brewer, or was present for the use of force with a realistic opportunity to intervene. He is sued in his individual capacity.

5. Defendant Jeremy Allen was, at all relevant times, a police officer employed by The Ohio State University and acting under color of state law. Records of the Franklin County Municipal Court in State v. Brewer, Case No. 2024 CR B 013085, identify Officer Allen as an OSU police officer in connection with the August 6, 2024 events, and Columbus Division of Fire records document his presence at the OSU police facility during Ms. Brewer's detention on August 6, 2024. On information and belief, and as specifically identified under Fed. R. Civ. P. 11(b)(3) as likely to have evidentiary support after a reasonable opportunity for further investigation and discovery, Officer Allen participated in the escort, detention, or use of force against Ms. Brewer, or was present for the use of force with a realistic opportunity to intervene. He is sued in his individual capacity.

6. Defendants John/Jane Does 1-10 were, at all relevant times, police officers employed by The Ohio State University and acting under color of state law. Their true names and specific roles are

2

presently unknown to Plaintiff and will be substituted promptly upon identification through discovery. They are sued in their individual capacities.

## JURISDICTION AND VENUE

7.  This action arises under 42 U.S.C. § 1983 and the Fourth Amendment to the United States Constitution.

8.  This Court has subject-matter jurisdiction under 28 U.S.C. §§ 1331 and 1343.

9.  Venue is proper in this District under 28 U.S.C. § 1391(b)(2) because the events giving rise to these claims occurred in Franklin County, Ohio, within the Eastern Division at Columbus.

## FACTUAL ALLEGATIONS

10.  On August 6, 2024, Ms. Brewer went to The Ohio State University Wexner Medical Center to pick up a friend.

11.  OSU police officers directed Ms. Brewer to leave and physically escorted her from the medical center.

12.  During the escort, one or more of the Defendant officers grabbed, shoved, and struck Ms. Brewer.

13.  Ms. Brewer was not actively resisting when the officers used the force described above, and the force was unnecessary and disproportionate under the circumstances.

14.  Other Defendant officers were present, observed the use of force, had a realistic opportunity to prevent or stop it, and failed to intervene.

15.  The officers detained Ms. Brewer at an OSU police facility located at 901 Woody Hayes Drive in Columbus.

16.  Columbus Fire Medic 25 responded to that facility at 1:31 p.m. at law enforcement's request. The response was documented as Incident F24128780.

17.  The EMS record identifies back pain as Ms. Brewer's chief complaint, records her statement that she injured or "tweaked" her back during the police escort, lists her as physically restrained, and notes that she remained detained.

18.  Ms. Brewer declined EMS transport while detained, explaining that she had her own vehicle and could obtain care after release.

19.  Later that same day, Ms. Brewer was transported to and treated in the emergency department at Grant Medical Center.

20.  The officers' force aggravated Ms. Brewer's pre-existing lumbar condition and caused substantial pain, physical injury, and loss.

21.  On April 4, 2025, Ms. Brewer underwent an L2-L4 posterior lumbar interbody fusion revision surgery.

22.  As a direct and proximate result of Defendants' conduct, Ms. Brewer has incurred substantial medical expenses, including expenses associated with revision spinal surgery, and has suffered aggravation of her lumbar condition, physical pain, emotional distress, and other compensable damages.

## COUNT I
### 42 U.S.C. § 1983: Fourth Amendment Excessive Force
### (Against All Defendants)

23.  Plaintiff incorporates the preceding paragraphs.

24.  The Defendant officers acted under color of state law.

25.  By grabbing, shoving, and striking Ms. Brewer when such force was unnecessary and disproportionate, one or more of the Defendant officers subjected her to objectively unreasonable force in violation of the Fourth Amendment.

26.  The violation caused the injuries and damages described above.

27.  The force was intentional, reckless, malicious, or undertaken with callous indifference to Ms. Brewer's federally protected rights, supporting punitive damages against the responsible officers.

4

## COUNT II
### 42 U.S.C. § 1983: Failure to Intervene
### (Against All Defendants)

28.  Plaintiff incorporates the preceding paragraphs.

29.  One or more of the Defendant officers observed another officer using excessive force against Ms. Brewer, knew or should have known that the force violated her constitutional rights, had a realistic opportunity to prevent or stop the force, and failed to do so.

30.  That failure caused or prolonged Ms. Brewer's injuries and damages.

31.  The failure to intervene was intentional, reckless, malicious, or undertaken with callous indifference to Ms. Brewer's federally protected rights, supporting punitive damages.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests judgment against Defendants, jointly and severally where permitted, and awards of: (a) compensatory damages in an amount determined by the jury; (b) punitive damages against the responsible individual Defendants; (c) reasonable attorney's fees under 42 U.S.C. § 1988; (d) costs; (e) pre- and post-judgment interest as allowed by law; and (f) all further relief the Court deems just.

### JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

WALTON + BROWN, LLP

/s/ Sean L. Walton, Jr.
Sean L. Walton, Jr. (0088401)
Trial Attorney for Plaintiff
395 East Broad Street, Suite 200
Columbus, Ohio 43215
Telephone: (614) 636-3476
Facsimile: (614) 636-3453
swalton@waltonbrownlaw.com